IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BILLY RAY BAILEY**                                                            **PLAINTIFF**

**v.**                                                            **No. 3:24-CV-155-MPM-RP**

**LEO MASK, et al.**                                                     **DEFENDANTS**

## ORDER

This cause comes before the court on the motions of defendants Leo Mask, Individually and Officially as Sheriff of Pontotoc County; David Robertson, Individually and in his Official Capacity as a Deputy; Ryan R. Roberts, Individually and in his Official Capacity as a Deputy; the Pontotoc County Sheriff's Department; and Pontotoc County, for summary judgment, pursuant to Fed. R. Civ. P. 56. The *pro se* plaintiff Billy Ray Bailey has not responded in opposition to the motion, nor has he sought additional time to do so. This court, having considered the briefing and record in this case, is prepared to rule.

Bailey brought the instant action asserting federal claims under 42 U.S.C. § 1983 based on events relating to a May 30, 2021 search of his home for methamphetamine and his subsequent arrest on drug and weapons charges. These charges were later "retired to file," which the Mississippi Supreme Court has described as being synonymous with "dispos[ing] without adjudication." *Mississippi Comm'n on Jud. Performance v. McGee,* 71 So. 3d 578 (Miss. 2011). Defendants have filed a very thorough thirty-page summary judgment brief in which they persuasively argue that, while the charges against plaintiff were essentially dropped, the warrant which authorized the search was amply supported by probable cause as found by a neutral magistrate. As to plaintiff's false arrest claim, this court is likewise persuaded by defendants'

1

argument that plaintiff was indicted by a Pontotoc County grand jury under legally proper circumstances, and, that being the case, no Fourth Amendment violation occurred in this case.

As noted above, plaintiff has not filed any response to defendant's motion, and this failure on his part to properly prosecute this action is nothing new. In a January 30, 2025 order, this court showed plaintiff leniency in overlooking his failure to properly prosecute this case, namely by declining to dismiss his claims against Pontotoc County on this basis. [28-1]. In so doing, this court warned plaintiff as follows:

> This court notes that the *pro se* plaintiff has committed his own procedural missteps in this case, which resulted in Magistrate Judge Percy issuing a show cause order as to why his claim against Pontotoc County should not be dismissed for failure to prosecute. [Docket entry 18]. In response to this show cause order, plaintiff asserts that his proof of service against the Pontotoc County Sheriff's Department was "lost in the mail," [response at 1], and this court will interpret his response as a commitment to make every effort to properly prosecute his claims in the future. With this understanding, and considering the fact that this court has shown leniency to defendants in this order, it will accept plaintiff's response to the show cause order as sufficient reason not to dismiss his claims against Pontotoc County.

[Docket entry 28 at 1]. Plaintiff has thus been warned about his failure to properly prosecute this action, and this fact makes his failure to respond to defendants' summary judgment motion even less excusable.

Failure to prosecute aside, this court reiterates its above-stated agreement with defendants' central argument in this case, which is that the fact that the charges against plaintiff were later dropped does not render the search and subsequent arrest in this case unlawful. In their brief, defendants note the extensive evidence supporting the search warrant for plaintiff's residence, as follows:

> Plaintiff Billy Ray Bailey, a convicted felon with a long history of drug crimes, violence, hindering of prosecution, and intimidation of witnesses, was lawfully searched and arrested on or about May 30, 2021, pursuant to a search warrant properly issued by the Circuit Court of Pontotoc County. Said warrant was lawfully and properly executed by Pontotoc County Sheriff's deputies acting in an objectively reasonable and good-faith

2

> manner at all times. Defendant Agents Roberts and Robertson, after an extensive investigation, secured a valid search warrant for Bailey's residence at 606 Vaughn Road, Pontotoc County, Mississippi.
>
> On several occasions leading up to May 30, 2021, Agents had received numerous calls describing suspicious activity and heavy traffic at Bailey's residence, had received credible information that Bailey was selling Methamphetamine from said residence, and had received credible information that Bailey possessed firearms at his residence despite being a convicted felon. In the days immediately leading up to Bailey's arrest, several of Bailey's visitors were stopped for traffic violations after leaving Bailey's residence, and during these stops, officers often found illegal narcotics or firearms in their possession.
>
> Visual surveillance of Bailey's property over the course of the weeks preceding his arrest yielded substantial evidence of criminal activity and verified the numerous reports of suspicious activity. Narcotics agents for the Pontotoc County Sheriff's Department had received credible information that Bailey was engaged in dealing Methamphetamine and that he was in possession of a firearm as a convicted felon. Agents in surrounding counties had also reported that Bailey was supplying large quantities of methamphetamine to their offenders. Most importantly, **undercover agents purchased methamphetamine directly from Bailey on several occasions during this time.** In executing a search warrant on a different individual on May 30, 2021, in Pontotoc County, narcotics agents discovered that the offender had been purchasing large amounts of Methamphetamine from Billy Ray Bailey on a regular basis. In fact, this separate search of a different residence in Pontotoc County revealed firearms, U.S. Currency, and large amounts of methamphetamine connected to purchases from Billy Ray Bailey.

[Brief at 3 (emphasis in original)].

In describing the circumstances under which the warrant was obtained, defendants write that:

> Circuit Court Judge Kelly Mims approved and properly issued the search warrant on May 30, 2021, directing officers to search for and seize "Methamphetamine, a schedule II controlled substance, any paraphernalia thereof, any and all U. S. Currency or other currency derived from the sale of methamphetamine, associated with methamphetamine, or found in close proximity to methamphetamine, and any and all other items of value associated with, derived from, or found in close proximity to methamphetamine, a schedule II controlled substance" found on Bailey's person or at Bailey's residence at 606 Vaughn Road, Pontotoc County, Mississippi. The warrant also authorized Agents to "seize all contraband and things the possession of which in itself is unlawful ... [and] to make otherwise valid arrests at the place described above."

[Brief at 4-5]. In describing the grand jury proceedings which led to his indictment and arrest, defendants write that:

3

> On May 16, 2023, the District Attorney presented Billy Ray Bailey's criminal charges from the May 2021 arrest to a Grand Jury, resulting in Bailey being indicted on two (2) felonies. Namely, Billy Ray Bailey was indicted by the Grand Jury on one (1) count of felonious possession of Methamphetamine, "a Schedule II Controlled Substance," in "a quantity of one-tenth (0.10) gram or more but less than two (2) grams on or about May 31, 2021, in violation of *Mississippi Code Section* 41-29-139[.]" Furthermore, Billy Ray Bailey was indicted by the Grand Jury on one (1) count of willful, unlawful, and felonious possession of a weapon, a Yildiz .410 shotgun, while being a prior convicted felon, having previously been convicted of one (1) or more felonies, including, but not limited to, "having previously been convicted of possession of methamphetamine greater than 10 grams but less than 30 grams with intent to sell, transfer or distribute in the Circuit Court of Pontotoc County, Mississippi in Cause No. CR15-063(P)PO on July 21, 2017, in violation of Mississippi Code Section 97-37-5[.]"

[Brief at 7-8].

Defendants have produced substantial proof in support of their motion, including a Mississippi Department of Corrections document which details plaintiff's extensive criminal and penal history. [Exhibit C to Defendants' motion]. Most notably, this document indicates that, in 2017, plaintiff was sentenced to ten years in prison for the distribution of methamphetamine. *Id.* While it seems clear that plaintiff did not serve this entire sentence, this court agrees with defendants that the fact that he was previously convicted of selling meth makes his burden of arguing that defendants lacked probable cause to search his home for the same drug considerably more difficult. This is particularly true considering that, as quoted above, the search warrant was supported by evidence that undercover agents had purchased methamphetamine directly from Bailey since his early release from prison. *Id.* Needless to say, these facts do not increase this court's sympathy for plaintiff, nor do they make it particularly inclined to give him any benefits of the doubt in this case.

This court notes that the allegations set forth in plaintiff's complaint are quite conclusory in nature, and it was incumbent upon him to respond to the detailed arguments set forth in defendant's briefing with some explanation of how the facts of this case amounted to a

4

constitutional violation. Plaintiff has failed to do so. Moreover, the individual defendants have raised qualified immunity defenses in this case, which places additional heavy burdens on plaintiff even if this court could somehow conclude (which it does not) that there was an underlying constitutional violation in this case. Indeed, it is well established that a defendant who "pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion" thereby places the burden on the plaintiff to "rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997). "The plaintiff bears the burden of negating the defense and cannot rest on conclusory assertions, but must demonstrate genuine issues of material fact regarding the reasonableness of the official's conduct." *Gatson v. Winston County, Miss*. 2014, WL 585810, at *5 (N.D. Miss. 2014)(internal citations omitted).

    In light of this authority, this court has frequently observed that it is the plaintiff who must do the "heavy lifting" in the qualified immunity context, and, needless to say, plaintiff has not done so in this case. Plaintiff's claims against the individual defendants are therefore additionally barred by qualified immunity, and his official capacity claims against Pontotoc County run headfirst into the stringent requirements of *Monell v. Dep't of Social Services*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). This court agrees with defendants that plaintiff has failed to show that any alleged constitutional violation in this case was the result of a municipal "policy or custom" within the meaning of *Monell*, and this constitutes an additional fatal bar to his claims. In sum, this court concludes that this case is due to be dismissed based both upon plaintiff's failure to properly prosecute it and also based upon the numerous,

independently sufficient, legal bases noted above and more particularly described in defendants' briefing.[1]

It is therefore ordered that defendants' motion for summary judgment is granted.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

So ordered, this the 14th day of October, 2025

    /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[1] This court has discussed the central claims raised by Bailey in his complaint, and it likewise agrees with defendants' briefing on the other claims raised by plaintiff.